UNITED STATES, Appellee

v.

LINWOOD J. REESE, Private E-2, U. S. Army, Appellant

5 USCMA 560, 18 CMR 184

No. 5070

Decided April 1, 1955

CAPT William C. Irby, Jr., U. S. Army, and 1ST LT Robert C. Taylor, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, and 1ST LT Elliott H. Eisman, U. S. Army, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was found guilty by general court-martial of carrying a concealed weapon in violation of a general regulation, contrary to Article 92, Uniform Code of Military Justice, 50 USC § 686, and wrongful possession of marihuana in violation of Article 134 of the same enactment, 50 USC § 728. He was sentenced to dishonorable discharge, total forfeitures, and confinement for five years. The convening authority reduced the confinement to two years and otherwise approved. The board of review affirmed and the ac-cused's petition for review was granted by us because of an error in the law officer's instructions on wrongful possession of marihuana.

At about 2:00 a.m. on the morning of December 15, 1953, the French police raided the "Chez Brahim" bar in Paris, France, and the accused was among the persons apprehended. He was taken by bus to a local police station, searched, and a small packet containing marihuana was found on his person. The apprehending officials testified that the drug was found in his wallet. In testi-

fying as a witness, the accused stated that the marihuana was found in his left coat pocket, but not in the wallet itself. He insisted that he was unaware of the presence of this substance on his person prior to the time when it was found by the police. He had been in the company of a French National and was dancing with her when the raid occurred. His explanation was that someone had dropped the packet in his pocket unknown to him. He attempted to bolster his story by showing, circumstantially, that he had an opportunity to discard the packet of marihuana between the time of the raid and the time of the search, and would have done so had he known of its presence.

During the course of his instructions following the arguments, the law officer instructed the court on the elements of the offense, and said:

"The Specification of Charge I charges the accused with wrongful possession of marihuana in violation of Article 134, Uniform Code of Military Justice. The court is advised that, to find the accused guilty of this Specification and Charge, it must be satisfied by legal and competent evidence beyond a reasonable doubt:

(1) That, at the time and place alleged, that is to say, at Paris, France, on or about 15 December 1953, the accused, without authorization, wrongfully had in his possession, one-fourth ounce, more or less, of marihuana; and

(2) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

"The court is advised in this connection that the possession of marihuana is presumed to be wrongful unless the contrary appears."

We have previously held that to sustain a conviction for the wrongful possession of marihuana, it ▮▮▮▮▮▮ must necessarily be found that the accused was conscious of the physical presence of the

drug on his person. United States v. Hughes, 5 USCMA 374, 17 CMR 374. It was our view there, just as it is our opinion here, that if the court-martial reasonably could have found that a third person placed the marihuana in the coat pocket of the accused, unbeknown to him, then he would not be guilty of the offense. In that case, we announced the principle that an instruction which goes no further than to state that the possession must be wrongful is not sufficient to cover the field of awareness or conscious knowledge. A court-martial may charge an accused with knowledge of what is on his person, and unless that issue is brought into bold relief by a specific instruction, lack of knowledge may be regarded as unimportant. In that connection it must be noted that the law officer instructed that possession of marihuana is presumed to be wrongful unless the contrary appears, and we cannot be sure of the content read into the word "wrongful" by the court-martial. We therefore conclude that the law officer erred in failing to give a specific instruction on the issue of knowledge.

We must next determine whether an issue of knowledge was raised by the evidence, for, if so, the accused was materially prejudiced by the deficiencies in the law officer's instructions. The following excerpt from United States v. Hughes, supra, illustrates our views in this case (page 378):

". . . Here, if knowledge were conceded, or if the evidence compelled a finding that accused was aware of the presence of marihuana, or if the record was barren of testimony to suggest lack of knowledge on his part, then failure to cover that issue in the instructions might be considered non-prejudicial."

That there is evidence in this record which reasonably raises an issue of an unawareness on the part of the accused of the presence of marihuana on his person appears from the following summation of facts.

The accused specifically denied, under oath, his knowledge of the presence of this substance on his person. He was

apprehended during a general raid on a place of entertainment where it might be possible for someone to drop the packet in his side pocket. He was not carefully searched until a considerable time after his arrest. He was transported to the police station in a bus along with several other persons, and some of them were apprehended in other bars as part of the same shakedown raid. He had been in the company of a local woman whom he knew only casually at the time of his arrest, and who also was apprehended and taken to the police station.

While the evidence presented by the accused is not too impressive when all the evidence is considered, his testimony is not inherently improbable and is sufficient to justify the submission of the issue of knowledge to the court-martial for determination. We conclude that the law officer's failure to instruct upon this subject was prejudicial to the accused.

The decision of the board of review is reversed as to the offense of wrongful possession of marihuana (Charge I), and affirmed as to the offense of the unlawful carrying of a concealed weapon in violation of a general regulation. The case is returned to The Judge Advocate General of the Army for action consistent with this opinion.